UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**JS-6**

| | | | |
|---|---|---|---|
| Case No. | EDCV 21-1169 JGB (SHKx) | Date | July 21, 2021 |
| Title | *Estate of Joseph Benjamin Serrano, et al. v. San Antonio Acute LLC, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) Order REMANDING Case to San Bernardino County Superior Court**

Before the Court is a Notice of Removal filed by Defendant San Antonio Post Acute, LLC ("Removing Defendant"). ("Removal Notice," Dkt. No. 1.) After considering the Removal Notice, the Court REMANDS the case to the San Bernardino County Superior Court.

## I. BACKGROUND

On April 20, 2021, Plaintiffs Estate of Joseph Benjamin Serrano and others filed their Complaint in the Superior Court of the State of California for the County of San Bernardino against Defendants San Antonio Post Acute LLC and others. ("Complaint," Dkt. No. 1-1.) The Complaint alleges seven state law causes of action stemming from the death of Joseph Benjamin Serrano from COVID-19 in Removing Defendant's care. (Complaint.) On July 14, 2021, Removing Defendant removed the action to federal court. (Removal Notice.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

The district court may remand the case sua sponte or on the motion of a party. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.1988) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). Such questions must be addressed at the outset of a case: "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 7 Wall. 506, 514, 19 L.Ed. 264 (1868). Thus, the Court must ordinarily address any jurisdiction questions first, before reaching the merits of a motion or case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998).

### III.  DISCUSSION

Removing Defendant removed this case on the theory that the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d and 247e-6e, preempts Plaintiffs' state law claims. (Removal Notice ¶ 7.) The PREP Act is a federal statute that applies to healthcare providers' COVID-19 responses. (Removal Notice ¶ 8.) Removing Defendant contends that it provides for exclusive federal jurisdiction and therefore completely preempts Plaintiffs' state-law claims. (Id. ¶ 9.) Removing Defendant further contends that removal is proper under 28 U.S.C. § 1442(a)(1), the federal officer removal statute. (Removal Notice ¶ 55.)

This is not the first case in the Central District between a decedent's estate and the administrators of a care facility. Every case in the Central District, save one, to have considered the question has determined that the federal courts lack jurisdiction under either of the theories presented by Removing Defendant, and therefore that removal is improper and remand is required. See Nava v. Parkwest Rehab. Ctr. LLC, No. 220CV07571ODWAFMX, 2021 WL 1253577, at *4 (C.D. Cal. Apr. 5, 2021) (Wright, J.); Padilla v. Brookfield Healthcare Ctr., No. CV 21-2062-DMG (ASX), 2021 WL 1549689, at *6 (C.D. Cal. Apr. 19, 2021) (Gee, J.); Lyons v. Cucumber Holdings, LLC, No. CV2010571JFWJPRX, 2021 WL 364640, at *6 (C.D. Cal. Feb. 3, 2021) (Walter, J.); Smith v. Colonial Care Ctr., Inc., No. 2:21-CV-00494-RGK-PD, 2021 WL 1087284, at *9 (C.D. Cal. Mar. 19, 2021) (Klausner, J.); Thomas v. Century Villa Inc., No. 2:21-CV-03013-MCS-KS, 2021 WL 2400970, at *7 (C.D. Cal. June 10, 2021) (Scarsi, J.); Golbad v. GHC of Canoga Park, No. 221CV01967ODWPDX, 2021 WL 1753624, at *3 (C.D. Cal. May 4, 2021) (Wright, J.); Est. of McCalebb v. AG Lynwood, LLC, No. 2:20-CV-09746-SB-PVC, 2021 WL 911951, at *6 (C.D. Cal. Mar. 1, 2021) (Blumenfeld, J.); Winn v. California Post Acute LLC, No. CV2102854PAMARX, 2021 WL 1292507, at *5 (C.D. Cal. Apr. 6, 2021) (Anderson, J.); Stone v. Long Beach Healthcare Ctr., LLC, No. CV 21-326-JFW(PVCX), 2021 WL 1163572, at

\*8 (C.D. Cal. Mar. 26, 2021) (Walter, J.); Jackie Saldana v. Glenhaven Healthcare LLC, No. CV205631FMOMAAX, 2020 WL 6713995, at \*3 (C.D. Cal. Oct. 14, 2020) (Olguin, J.); Martin v. Serrano Post Acute LLC, No. CV 20-5937 DSF (SKX), 2020 WL 5422949, at \*3 (C.D. Cal. Sept. 10, 2020) (Fischer, J.); but see Garcia v. Welltower OpCo Grp. LLC, No. SACV2002250JVSKESX, 2021 WL 492581, at \*7 (C.D. Cal. Feb. 10, 2021) (Selna, J.) (deferring to OGC Advisory Opinion).

These rulings align with the findings of district courts nationwide in identical cases. See, e.g., Rae by & through Montisano v. Anza Healthcare Inc., No. 21-CV-287-DMS (JLB), 2021 WL 2290776, at \*3 (S.D. Cal. June 4, 2021) (collecting cases); Est. of Parr by & through Parr v. Palm Garden of Winter Haven, LLC, No. 8:21-CV-764-SCB-SPF, 2021 WL 1851688, at \*2 (M.D. Fla. May 10, 2021) (collecting cases); Roebuck v. Clinic, No. CV-21-00510-PHX-DLR, 2021 WL 1851414, at \*4 (D. Ariz. May 10, 2021) (collecting cases); Perez on behalf of Est. of Lozano v. Se. SNF LLC, No. SA-21-CV-00088-JKP, 2021 WL 1381232, at \*2 (W.D. Tex. Apr. 12, 2021) (collecting cases).

Broad consensus of this nature in the Central District is compelling. The Court follows the logic of nine of its colleagues and similarly finds that it does not have jurisdiction over this case.

### IV.   CONCLUSION

For the reasons above, the Court REMANDS the action to the Superior Court for the County of San Bernardino.

**IT IS SO ORDERED.**